UNITED STATES DISTRICT COURT
Northern District of Iowa
Western Division

| | | |
|---|---|---|
| LISA BLAZEK, | : | CIVIL NO. 11-4056 |
| Plaintiff, | : | |
| v. | : | **SECOND AMENDED COMPLAINT AND JURY DEMAND** |
| UNITED STATES CELLULAR CORPORATION, USCC PAYROLL CORPORATION, JEFFREY STOREY, DAVE SIERCK, DENNIS LEROY and PAUL DANIELS, | : | |
| Defendants. | : | |

COMES NOW Plaintiff Lisa Blazek, and hereby sets forth the following causes of action against the Defendants:

**JURISDICTIONAL ALLEGATIONS**

1. This action is based on the provisions of 42 U.S.C. Section 2000e, <u>et seq.</u>, commonly referred to as the Civil Rights Act of 1964 and all amendments thereto. Subject matter jurisdiction is conferred upon the Court by 42 U.S.C. Section 2000e-5(f). The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. Section 1367.

**VENUE**

2. The venue is proper pursuant to 42 U.S.C. 2000e-5(f) because it is brought in the judicial district of the State in which the unlawful employment practice was committed and is the judicial district where Plaintiff's employment records were maintained. Venue is also proper pursuant to 28 U.S.C. Section 1391(b) because it is brought in a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

**PARTIES**

3.  Plaintiff Lisa Blazek (hereinafter "Plaintiff") is and was at all times material hereto a citizen of the United states, a resident of Clay County, Iowa and over twenty-one (21) years of age.

4.  Defendant United States Cellular Corporation is, and was at all times material hereto, an organization doing business in the State of Iowa.

5.  Defendant USCC Payroll Corporation is, and was at all times material hereto, an organization doing business in the State of Iowa.  (Both United States Cellular Corporation and USCC Payroll Corporation are collectively referred to as USCC).

6.  Defendant Jeff Storey (hereinafter Defendant Storey) is and was at all times material hereto a citizen of the United States, a resident of the State of Iowa, and an employee of Defendant USCC who aided and abetted the sexually hostile work environment and retaliation as set forth below.

7.  Defendant David Sierck (hereinafter Defendant Sierck) is and was at all times material hereto, a citizen of the United States, a resident of the state of Iowa, and an employee of Defendant USCC who aided and abetted the sexually hostile work environment and retaliation as set forth below.

8.  Defendant Paul Daniels (hereinafter Defendant Daniels) is and was at all times material hereto, a citizen of the United States, a resident of the State of Iowa, and an employee of Defendant USCC who aided and abetted the sexually hostile work environment and retaliation as set forth below.

9.  Defendant Denis Leroy (hereinafter Defendant Leroy) is and was at all times material hereto, a citizen of the United States, and an investigator who performed services

on behalf of Defendant USCC who aided and abetted the sexually hostile work environment and retaliation as set forth below.

## CONDITIONS PRECEDENT

10. Plaintiff has timely filed a Complaint of Discrimination with the Iowa Civil Rights Commission and the Equal Opportunity Commission (Exhibit "A" attached hereto).

11. Plaintiff was issued Notice of Right to Sue letters by the Iowa Civil Rights Commission and the Equal Employment Opportunity Commission (Exhibit "B" and "C" attached hereto).

12. The Complaint in this matter is filed with the Court within ninety (90) days of receipt of the Notice of the Right to Sue letters referenced above.

13. Pursuant to Local Rule 10.1(h) personal data identifiers in the attached Exhibits A – C have been partially redacted.

## GENERAL ALLEGATIONS

14. At all times material hereto, Defendant USCC met the definition of "Employer" as set forth in 42 U.S.C. Section 2000e-5(b) or was working under the direction of said "Employer" or was representing the interest of said "Employer" and Plaintiff were at all times herein set forth "employees" within the definition of said section.

15. On or about April 17, 2007, Plaintiff was hired by Defendant as a retail wireless consultant.

16. Due to the actions of the Defendants, Plaintiff was constructively discharged on or about March 9, 2010.

17. Plaintiff, as a female and a member of a protected class, was subjected to a sexually hostile environment due to the behavior of the Defendants, and was subject to retaliation by the Defendants after engaging in a protected activity.

## COUNT I
## SEXUAL HARASSMENT-HOSTILE WORK ENVIRONMENT
## PLAINTIFF LISA BLAZEK VS. DEFENDANT USCC

18. Plaintiff realleges paragraphs 1-17 as if fully set forth herein.

19. At all times material hereto, Defendant USCC subjected Plaintiff to a hostile and pervasive atmosphere of sexual discrimination and harassment.

20. The sexually hostile work environment was directed at Plaintiff because of her protected status as a woman, and the hostile environment described below took place over the entire course of her employment from April, 2007 through March, 2010.

21. The harassment of Plaintiff included, but is not limited to, the following:

   a. Co-employees, including Storey and Sierck, frequently talked about their personal sex lives and the sex lives of customers coming into the store;

   b. Co-employees, including Storey and Sierck, frequently asked Plaintiff sexually invasive questions related to her personal sex life;

   c. Co-employees, including Storey and Sierck, frequently asked Plaintiff about her private parts, such as, "how do you shave your bush?";

   d. Co-employees, including Storey and Sierck, frequently searched the phones of customers trying to find naked or sexually suggestive pictures and many times, those pictures were shown to Plaintiff;

   e. Storey asked Plaintiff to "show me your tits";

4

    f. Storey repeatedly told Plaintiff that she was a "prude", and that he felt sorry for her husband because he probably "didn't get any";

    g. Storey repeatedly asked Plaintiff about what sexual position she used and if she did it "doggy style";

    h. When Storey and/or Sierck would make sexual comments about the customers in the store, Plaintiff would tell them to "knock it off" but they continued;

    i. After Plaintiff complained about harassment, Storey became physically aggressive toward her, by making "pelvic thrust" motions behind her, and charging at her and saying "what are you looking at?";

    j. Plaintiff repeatedly complained to management about the sexually hostile work environment and was told that she had to deal with it herself since she was the one bothered by it; and

    k. Following her complaints about the sexually hostile work environment, she was subjected to ostracism and retaliation from co-workers, including Storey and Sierck and management, including Daniels.

22. Defendant USCC did not effectively respond to Plaintiff's complaints, and instead, the harassment continued.

23. Due to the effects of the sexually hostile environment on the Plaintiff, she lost working hours and pay.

24. Instead of properly investigating, she was told by Defendant Daniels that she would have to take care of the problem herself, and he warned her against reporting the hostile environment to higher management.

25. When an investigator (Defendant Leroy) was brought in by Defendant USCC to purportedly investigate her complaints, he accused Plaintiff of having a relationship with one of the harassers and attempted to intimidate her into giving up her complaints.

26. Instead of disciplining the harassers and taking proper remedial action, Plaintiff was essentially told she would have to move to a different location within the company to avoid the harassment.

27. Due to the severe and pervasive nature of the sexually hostile work environment, and the failure of Defendant USCC to take proper remedial action, Plaintiff was constructively discharged.

28. Defendant USCC's actions were willful and wanton in disregard for Plaintiff's rights,

## COUNT II
### RETALIATION
### PLAINTIFF LISA BLAZEK VS. DEFENDANT USCC

29. Plaintiff repleads paragraphs 1-28 as if fully set forth herein.

30. Plaintiff resisted the sexually hostile work environment fostered by the Defendant's conduct.

31. After the harassment began Plaintiff repeatedly complained about the sexually hostile work environment to Defendant and management employees of the Defendant, and continued complaining up to the point of her constructive discharge.

32. Daniels' response was to tell Plaintiff that if she complained further, his job would be in jeopardy.

33. In response to her complaint, Daniels did not change the harassers' schedules, but instead changed her schedule causing her to lose hours and pay.

6

34. An individual from Human Resources told her she could move to another branch, but did nothing to the harassers.

35. Instead of taking appropriate action to end the sexually hostile work environment, Defendant retaliated against the Plaintiff by taking adverse employment actions against her, up to and including constructive discharge.

**COUNT III
IOWA CODE CHAPTER 216
PLAINTIFF LISA BLAZEK AGAINST ALL DEFENDANTS**

36. Plaintiff repleads paragraphs 1-35 as if fully set forth herein.

37. Defendants discriminated against Plaintiff based on sex in violation of Iowa Code Chapter 216.

38. Defendants' actions created a sexually hostile work environment in violation of Plaintiff's rights under Iowa Code Chapter 216.

39. Defendants' actions constitute unlawful retaliation against Plaintiff for complaining about the sexual harassment and for filing complaints with the Iowa Civil Rights Commission and the Federal Equal Employment Opportunity Commission.

40. The individual Defendants aided and abetted said discrimination and retaliation in violation of Iowa Code Chapter 216.

WHEREFORE, Plaintiff Blazek respectfully requests that the Court enter judgment against the Defendants, declaring the conduct engaged in by the Defendants to be in violation of the Plaintiff's rights and award damages as follows:

    a. Plaintiff be awarded damages to compensate, reimburse and make whole the Plaintiff for all the past and present benefits Plaintiff should have received had it not been for Defendants' illegal conduct

      including but not limited to back pay with interest, front pay, benefits, training, promotions and seniority;

b.    Plaintiff be awarded compensation for past and future suffering, emotional distress, loss of enjoyment of life and other non-pecuniary losses;

c.    Plaintiff be awarded punitive damages in an amount appropriate to punish these Defendants for willful and malicious misconduct and necessary to deter these Defendants from engaging in such misconduct in the future;

d.    Plaintiff be awarded all past and future medical and counseling expenses;

e.    Plaintiff be awarded injunctive relief preventing Defendants from future unlawful practices;

f.    Plaintiff be awarded the costs and expenses of this action and award Plaintiff reasonable attorney's fees as provided in 42 U.S.C. Section 2000e-5(l) and Iowa Code Chapter 216;

g.    Plaintiff be awarded interest provided by law; and

h.    Such other and further relief as is available under the law and which the Courts deems proper.

## JURY DEMAND

COME NOW PLAINTIFFS and pursuant to Rule 38(b) of the Federal Rules of Civil Procedure demand a trial by jury of all issues alleged in this Complaint.

Respectfully submitted this 6th day of February, 2012.

s/Stanley E. Munger

s/Jay E. Denne
MUNGER, REINSCHMIT & DENNE, L.L.P.
600 Fourth Street, Suite 303
PO Box 912
Sioux City, IA 51102
(712) 233-3635
(712) 233-3649 (fax)
Attorney E-mail:  stanmunger@mrdlaw.net
                  jaydenne@mrdlaw.net
                  mungrein@aol.com

ATTORNEYS FOR THE PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2012, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filings to the following:

Tracy L. Farley

/s/ Christine Copeland